UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**LAMEEKA MCKINNEY (DOC # 626472)**                     **CIVIL ACTION**

**VERSUS**                                                                     **NO. 14-1847**

**KEITH DEVILLE, WARDEN**                                    **SECTION "F" (3)**

### RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF

The petitioner, Lameeka McKinney, is a state prisoner currently incarcerated at the Louisiana Transition Center for Women in Tallulah, Louisiana. She is serving a fifteen year sentence for manslaughter as a result of a plea bargain.

McKinney has petitioned this Court for a writ of habeas corpus, contending that her current incarceration is in violation of her rights under the United States Constitution. She asserts two claims. Respondent argues that the petitioner's claims are not properly exhausted and for that reason prays that they be dismissed without prejudice.

1

## RECORD

This Court has permitted the use of the record submitted on August 16, 2014 under docket number 14-cv-489 (Rec. Doc. 9). That record consists of eight volumes of sequentially-numbered pages, beginning with "1" and ending with "1644".

Submitted along with this Response are two supplemental volumes, labeled "Volume 9" and "Volume 10," which consist of the state district court proceedings under docket number docket number 11-5008 of the 24th Judicial District Court for the Parish of Jefferson, as maintained by the Clerk of Court of that Court, from August 16, 2014 to the present. This volume, too, has been sequentially numbered, beginning with page "1645." In citing to the record, counsel will refer to the record as SCR ("state court record") by volume and page number such that "$SCR_4$ at 598" would refer to page 598, which can be found in Volume 4.

## PROCEDURAL HISTORY

The procedural history of this case was summarized in a previous pleading under a different docket number, which the respondent seeks to incorporate by reference. Rec. Doc. 08-2, pp. 3-8.

Essentially, the following occurred. The prosecution requested a conflict of interest inquiry[1] and the state district court, after conducting such an inquiry, ordered the disqualification of petitioner's retained counsel, reasoning:

> After taking into consideration the testimony of the witnesss, arguments of counsel, the evidence submitted, the law, and the facts, the Court hereby finds the following:
>
> Counsel for the defendant, Martin Regan, is laboring under an actual conflict of interest created when Ms. McKinney's co-defendant's former counsel, who was hired by Mr. Regan as a paralegal, performed work on Ms. McKinney's case. No knowing and intelligent waiver of conflict, as elucidated by *State vs. Olivieri*, 74 So.3d 1191 (La. App. 5 Cir. 2011) and *State vs. Cisco*, 861 So.2d 118 (La. 12/3/03), was ever obtained from Ms. McKinney. Additionally, considering the nature of this conflict, and in particular the fact that the conflict has already occurred, the Court is

---

[1] $SCR_1$ at 183-187.

inclined to find that the conflict is such that it may create an instance of de facto ineffective assistance of counsel and thus should not be waived.[2]

The petitioner sought supervisory review from the Louisiana Fifth Circuit Court of Appeal, which affirmed the ruling of the trial court as follows:

> The trial court correctly determined that counsel for relator, Martin Regan, is laboring under an actual conflict of interest created when codefendant's former counsel, who was hired by Mr. Regan's firm as a paralegal, actually performed work on relator's case. An attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant he is representing. *State v. Cisco*, 01-2732 (La. 12/3/03), 861 So.2d 118, 129. If an actual conflict exists, there is no need for a defendant to prove that he was also prejudiced thereby. *Id*. at 130. Here, the codefendant's former counsel testified that he performed work on relator's case prior to anyone speaking to relator about any potential conflict.[3]

*State v. McKinney*, 13-K-68 (La. App. 5 Cir. 1/30/13) (unpub'd).

The petitioner sought supervisory review from the Louisiana Supreme Court,[4] but withdrew her writ application after the prosecution alerted that Court that the writ application was not timely filed.[5]

The petitioner returned to the state district court a month later with a "Motion to Enroll," which was summarily denied.[6] The petitioner's subsequent applications for supervisory review were also denied. *State v. McKinney*, 13-K-548 (La. App. 5 Cir. 7/02/13) (unpub'd), *writ denied*, 13-2166 (La. 12/06/13), 129 So.3d 535.[7]

The petitioner then filed a *pro se* application for federal habeas corpus relief under § 2241.[8] While that petition was pending, the petitioner entered a plea of guilty in which she

---

[2]   $SCR_1$ at 180.

[3]   $SCR_3$ at 387-562 (writ application); id. at 563-564 (writ action).

[4]   $SCR_4$ at 598-840 (writ application).

[5]   See $SCR_4$ at 842-843 (state's opposition); id. at 862-863 (motion to withdraw writ application).

[6]   $SCR_1$ at 30-34 ("Motion to Enroll"); id. at 29 (minute entry reflecting denial of motion to enroll).

The motion to withdraw the petitioner's Louisiana Supreme Court writ application wad been filed on April 22, 2013 ($SCR_4$ at 862); the "motion to enroll" was filed May 20, 2013 ($SCR_1$ at 30).

[7]   $SCR_5$ at 864-874 (application to intermediate appellate court); $SCR_1$ at 25 (writ denied); $SCR_6$ at 1252-1265 (application to Louisiana Supreme Court); $SCR_6$ at 1250 (writ denied).

[8]   See 14-cv-0489, Rec. Doc. 1.

acknowledged guilt, accepted responsibility, reduced her sentencing exposure from life to fifteen years, and waived her right to appeal adverse pre-trial rulings.[9] Thereafter, the federal court found the petitioner's *habeas corpus* application under § 2241 to be moot[10] and dismissed it "without prejudice to petitioner's right to pursue habeas corpus relief through a petition timely filed under 28 U.S.C. § 2254 after exhausting her available state court remedies."[11]

The petitioner entered her plea of guilty on **July 10, 2014**.[12] She filed a *Motion and Order for Appeal* in the state district court on **August 6, 2014**, alleging "[m]y public defender did not tell me about the status of my federal habeas filing during the plea proceedings. I did not waive my pending Federal habeas filing seeking reinstatement of my counsel of choice."[13] The state district court signed the order of appeal on **August 11, 2014**.[14]

The petitioner's § 2241 petition was dismissed on August 11, 2014. The petitioner then filed the instant § 2254 petition on **August 13, 2014** (two days after her motion for appeal was granted).[15]

Since the filing of the petitioner's motion for appeal in the state district court, the clerk's office of the state district court has issued appeal notices[16] and the appointed attorney who will be representing the petitioner in her direct appeal has been named.[17]

## TIMELINESS

The respondent does not argue that the petition is untimely.

---

[9] SCR$_{10}$ at 2124 (minute entry); id. at 2126-2128 (Boykin form); id. at 2056-2090 (transcript).

[10] SCR$_{10}$ at 2108-2109.

[11] SCR$_{10}$ at 2110.

[12] SCR$_{10}$ at 2124 (minute entry).

[13] SCR$_{10}$ at 2117.

[14] SCR$_{10}$ at 2118.

[15] Rec. Doc. 1.

[16] SCR$_{10}$ at 2097-2106; R$_9$ at 1652-1659.

[17] R$_9$ at 1651.

## EXHAUSTION

The petitioner seeks review of the state courts' disqualification of petitioner's counsel of choice. Review of the disqualification of counsel of choice, however, has been complicated by an intervening event: the petitioner's guilty plea. The petitioner clearly—although not expressly—would have this Court rule that her plea of guilty has no bearing on the adjudication of her claim. That question, however, has yet to be addressed by the Louisiana courts in the first instance.

The petitioner is currently in the process of challenging, in the Louisiana courts, the validity of her guilty plea and the effect, if any, of that plea on her claim of denial of counsel of choice. She has moved for appeal, and that motion has been granted; the state court appellate process has thus been set in motion. See pg. 4, *supra*, nn. 13-14, 16-17.

The doctrine of exhaustion, codified at 28 U.S.C. § 2254(b)(1)(A), is premised on the idea that a federal court "should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Coleman v. Thompson, 501 U.S. 722, 731 (1991) (citation omitted). The petitioner's motion for appeal makes the Louisiana state courts "cognizant of the litigation," places the petitioner's claims "properly within [the] jurisdiction" of the Louisiana courts, and provides the Louisiana state courts "an opportunity to pass upon the matter."

Given the petitioner's pending appeal to the state appellate court, this court should "defer action" until the matter has been first addressed by the Louisiana courts.

## RESERVATION OF RIGHTS

The respondent asserts that the petition of Lameeka McKinney should be dismissed due to lack of exhaustion. Accordingly, the respondent does not address the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

**CONCLUSION AND PRAYER**

Based on the foregoing, the State of Louisiana submits that petitioner Lameeka McKinney's claims for *habeas corpus* relief should be dismissed.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, LSBA #31650
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, Louisiana 70053
Tel: (504) 361-2687
Email: mcaplan@jpda.us

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of the State of Louisiana by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Matthew Caplan
Matthew Caplan, LSBA #31650
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, Louisiana 70053
Tel: (504) 361-2687
