## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAMEEKA MCKINNEY, #626472** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1847** |
| **KEITH DEVILLE, WARDEN** | **SECTION "F" (3)** |

### SUPPLEMENTAL RESPONSE

Respondent complies with this court's order of June 15, 2016, to file a supplemental response, to address the following questions:

1. Was petitioner's *pretrial* litigation of her issues concerning the denial of counsel of choice sufficient to constitute exhaustion of the claims for federal purposes? If not, were the claims exhausted in her subsequent direct appeal?

2. Did the entry of petitioner's unconditional guilty plea result in a waiver of the claims so as to prevent federal review?

3. If the Court determines that the claims are exhausted, have not been waived, and are not otherwise procedurally barred from federal review, is petitioner entitled to relief on the merits?

**1. Was petitioner's pretrial litigation of her issues concerning the denial of counsel of choice sufficient to constitute exhaustion of the claims for federal purposes? If not, were the claims exhausted in her subsequent direct appeal?**

Before she pled guilty as a result of a favorable plea bargain, petitioner presented her claim to each level of the state's judiciary. Thus, her claim has been exhausted. Petitioner's presentation of her claim to the state Fifth Circuit and Supreme Court "fairly presented" the substance of her federal constitutional claim in a procedurally proper manner. Thus, although

she did not present her claim on direct appeal or through state collateral review as some federal case law suggests is necessary for proper exhaustion, e.g., <u>Hatter v. Quarterman</u>, 570 F.3d 595, 605 (5th Cir. 2009); <u>Orman v. Cain</u>, 228 F.3d 616, 620 (5th Cir. 2000), further proceedings in state court would be futile because it has been presented and ruled upon and because the issue was not preserved for review as shown below.  Thus, respondent considers petitioner to have exhausted her claim.

However, she did not, for reasons discussed in No. 2 below, preserve this claim for appellate review in her state appeal.  She did not seek supervisory review by the Louisiana Supreme Court of the state Fifth Circuit's ruling which affirmed her unconditional guilty plea or her sentence.  <u>State v. Mckinney</u>, 14-893 (La.App. 5th 3-25-15), 169 So.3d 679.

## 2. Did the entry of petitioner's unconditional guilty plea result in a waiver of the claims so as to prevent federal review?

Petitioner's unconditional guilty plea resulted in a waiver of her claims so as to prevent federal review.  Prior to pleading guilty, petitioner challenged the state district court's ruling that removed her attorney based on a conflict of interest.  Her writ to the state Fifth Circuit was denied.  <u>State v. McKinney</u>, 13-68 (La. App. 5th Cir. 1-30-13). She filed a writ with the Louisiana Supreme Court challenging that ruling.  However, before the court ruled, she filed a motion to withdraw the application which was granted on May 2, 2013.  <u>State v. McKinney</u>, 13-725 (La. 5-2-13) (unpub.).

Petitioner sought relief from the above by filing anew with the state district court a motion to enroll counsel.  It was denied.  Petitioner challenged that ruling in the state Fifth Circuit. Finding that "reconsideration of this issue is not warranted," that court denied the writ.

2

State v. McKinney, 13-548 (La. App. 5ᵗʰ Cir. 8-9-13) (unpub.).  The Louisiana Supreme Court

denied review.  State v. McKinney, 13-2166 (La. 12-6-13), 129 So.3d 535.

Subsequently, assisted by the duly appointed public defender, petitioner obtained a

favorable plea bargain and entered an unconditional guilty plea. Petitioner was indicted for

second degree murder, the sentence for which is a mandatory life sentence without benefit of

parole, probation or suspension of sentence.  This charge was reduced by the state to

manslaughter in return for a guilty plea by petitioner.

On July 10, 2014, petitioner pled guilty to manslaughter.  It was a straight - up, no

reservation of rights to seek appellate review of any adverse pre- plea rulings guilty plea.  See

State v. Crosby, 338 So.2d 584 (La. 1976).  The transcript of the guilty plea and the Boykin form,

both previously filed into this record, show no indication that petitioner's plea in any way

reserved a right to seek appellate review of the conflict issue.

On appeal, petitioner's court appointed appellate counsel reviewed the procedural history

in his brief.  His brief noted petitioner's pro se Motion For Appeal in which she stated she did

not waive her then pending federal habeas petition.  That petition, No. 14-089, was dismissed by

Judge Feldman because her guilty plea mooted her habeas petition.  In his appellate brief, counsel

noted petitioner pled guilty and was sentenced pursuant to a plea bargain. He filed what is

referred to as an Anders brief.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967) or a

patent error appeal.  La.C.Cr.P. art. 920.  In the portion of his brief captioned "REVIEW OF

POTENTIAL ISSUES," counsel wrote:

## REVIEW OF POTENTIAL ISSUES

Appellant, represented by counsel, entered an unqualified guilty plea to the reduced charge of manslaughter with an agreed upon sentence of fifteen years.  At no point in the plea colloquy did she proclaim her innocence. On the contrary, when asked during the plea colloquy, she freely admitted her guilt.

If a defendant pleads guilty, the defendant normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and is precluded from review of such defects either by appeal or post- conviction relief.  State v. Wingerter, 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664.  Appellant **did not** reserve the right to seek review of any of the trial court's pre-trial rulings.  See State v. Crosby, 338 So.2d 584 (La. 1976).

Under both state and federal jurisprudence, it is well settled that an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal.  State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-0787 (La. 12/18/09), 23 So.3d 932, citing State v. Crosby, supra.

In the present case, defendant entered an unqualified guilty plea waiving all non- jurisdictional defects.  Defendant neither objected to the charged offense listed by the State during the plea proceeding nor to the trial court's acceptance of the guilty plea.  Therefore, defendant waived her right to now seek review on direct appeal. State v. Autin, supra.

During the plea colloquy the twenty-six year old appellant indicated to the trial court that she had not been forced, coerced or threatened to enter the guilty plea, that she was pleading guilty because she was in fact guilty, that she was satisfied with the manner in which her attorney explained the plea and its consequences, and that she understood her rights, the charge, and the sentence she would receive in exchange for the plea. She told the court that she had completed the tenth- grade and could read and write the English language. (R., pp. 509-522).

The State set out the factual basis as follows:

And this is as per the dates in the Indictment of December 14, 2010 leading up to February 20th of 2011.

Specifically, what is important for this Court to understand is the preceding twenty- four (24) hours prior to the discovery of the death of the Defendants, Miss McKinney and Mr. Scott's, minor child, date of birth: October 3rd of 2010, based upon that, it was

determined that the cause of death in the case was due to dehydration and liberal lacerations. It is the State's contention that it is through the neglect of Miss McKinney and Mr. Scott's, that the death of their minor child occurred.

(R.p. 511).

When the Court directly asked appellant McKinney regarding the recitation of facts, "Is that a true and accurate fact?," appellant replied, "Yes, ma'am." (R.p. 512).

Appellant was specifically advised that by pleading guilty she was giving up her right to an appeal. (R.p. 517). She specifically acknowledged that she understood that to be the case. (R.p. 517). The plea form executed by appellant likewise set forth all of the rights waived by the guilty plea, including the right of appeal. (R.pp. 186-188).

Appellant's answers throughout the plea colloquy and sentencing, although brief, appear sensible, direct, articulate, and well- mannered.

(Appellate brief, pp. 11, 12) (emphasis in original).

Appellate counsel did not raise any substantive issue as petitioner's plea did not reserve the right to challenge any adverse ruling. The Supreme Court has addressed this Court's concerns.  In Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602 (1973), the Court addressed a claim that the grand jury that indicted the prisoner was illegally constituted.  Without objecting on this basis, the prisoner pled guilty.  The Court denied relief:

We hold that after a criminal defendant pleads guilty, on the advice of counsel, he is not automatically entitled to federal collateral relief on proof that the indicting grand jury was unconstitutionally selected. The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity.

* * * *

a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

5

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

Tollett, supra, at 266, 267.

Thus, petitioner's state appellate counsel acknowledged the waiver of any pre- plea claim by petitioner's guilty plea. Appellate counsel (Bruce Whittaker) is well- versed in this rule based on Louisiana's contemporary objection rule found in La.C.Cr.P. art. 841. The federal courts have recognized this rule as an adequate and independent basis to deny review. Further, because the guilty plea was legal in all respects, petitioner cannot seek to avoid the bar by claiming cause for the default and prejudice. Accompanied by competent counsel, petitioner pled guilty as part of a favorable plea bargain with the state.

Based on the applicable law and the guilty plea, respondent submits this claim is waived and cannot be considered by this court.

### 3. If the Court determines that the claims are exhausted, have not been waived, and are not otherwise procedurally barred from federal review, is petitioner entitled to relief on the merits?

Notwithstanding the above, respondent submits that petitioner is not entitled to relief on the merits.

This court's review of a state prisoner's claim is governed by 28 U.S.C. 2254. A federal court, to grant relief, must find the state court's adjudication of the claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This review must be deferential and

cannot second- guess reasonable state court decisions.  An unreasonable application of clearly established law is different from an incorrect one. Renico v. Lett, 559 U.S. 766 (2010); Bell v. Cone, 535 U.S. 685 (2002).

The trial court heard testimony and argument and concluded that counsel was laboring under an actual conflict of interest. The court observed that when the matter was submitted there was no knowing and intelligent waiver of conflict obtained from petitioner, Ms. McKinney.  The court further found that the conflict had already occurred and that the conflict was such that it may create an instance of de facto ineffective counsel and thus should not be waived.  A writ was filed the next day and was denied that same day (January 30, 2013). Trial was set for that same day; the writ requested emergency consideration for that reason.

A waiver was not signed until February 8, 2013.  Thus, neither the trial court nor the supervisory court had before it a waiver.  Thus, this court's review is further constrained by Cullen v. Pinholster, 563 U.S. 170 (2011) (habeas review is limited to the record that was before the state court).  Accordingly, the waiver signed by petitioner, with Caesar Vasquez as the notary (who was also petitioner's counsel when she pled guilty) may not be considered by this court.

When petitioner sought "reconsideration" of the conflict issue, the state court of appeal found it was not warranted.  Even with the waiver, the court found no error in the finding that an actual conflict existed.  In so ruling, the court referred to Wheat v. United States, 486 U.S. 153 (1988). The court's application of Wheat was not unreasonable.  Wheat considered the extent to which a criminal defendant's right under the Sixth Amendment to his chosen attorney is qualified by the fact that the attorney has represented other defendants charged in the same case.  Wheat contended waivers by all the defendants in his case cured the problem of multiple representation.

7

The Court disagreed: no such flat rule can be deduced from the Sixth Amendment presumption in favor of counsel of choice. Wheat, at 160. The Court continued, "Thus, where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendant be separately represented. Id., at 162. The Court further stated that a district court must be allowed substantial latitude in refusing waivers of conflicts of interest where an actual conflict may be demonstrated before trial. Id., at 163. The Court concluded

> The District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict. The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court.

> Id., at 164.

> Wheat was cited in a federal appeal in United States v. Guerrero, 546 F.3d 328 (5th Cir. 2008), cert. denied 556 U.S. 1172 (2009). The court, relying on Wheat, held in a string of cases that the correct standard for reviewing a district court's disqualification of a defense attorney for conflict of interest is abuse of discretion. Id., at 332. The court added that "only if the district court has abused its substantial discretion in this area will use reverse the decision on appeal." id., at 333.

Considering this deferential standard for reviewing a district court's ruling on this issue and the additional deference due the state trial court in this forum under AEDPA, the state court did not unreasonably apply Wheat nor abuse its discretion. Petitioner is not entitled to relief on the merits. Her application should be dismissed.

Respectfully Submitted,

/s/ Terry M. Boudreaux
Terry M. Boudreaux #3306
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, Louisiana 70053
Tel: (504) 361-2531
Email: tboudreaux@jpda.us

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2016, I electronically filed the forgoing with the Clerk of

the Court for the United States District Court for the Eastern District of the State of Louisiana by

using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users

and that service will be accomplished by the CM/ECF system.

/s/ Terry M. Boudreaux
Terry M. Boudreaux